UNITED STATES of America,
Plaintiff—Appellee,

v.

Daniel COUGHLIN, Defendant—
Appellant.

No. 05–30451.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 14, 2006.*

Decided Sept. 18, 2006.

Kirk A. Engdall, Esq., Office of the U.S. Attorney, Eugene, OR, for Plaintiff–Appellee.

Kelly R. Beckley, Esq., Eugene, OR, for Defendant–Appellant.

Before: SILVERMAN and GOULD, Circuit Judges, and RHOADES,** District Judge.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

### MEMORANDUM ***

Daniel Coughlin appeals his conviction following a conditional guilty plea to being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1) and § 924(e). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Coughlin first challenges the lawfulness of police officers' warrantless entry of the bus in which he lived. In addition, he challenges the warrantless search of a drawer within that bus which yielded the firearm at issue. However, Coughlin does not challenge the separate search of his person which yielded .22 caliber ammunition. 18 U.S.C. § 922(g)(1) clearly criminalizes being a felon in possession of a firearm or ammunition. Accordingly, Coughlin was charged with being a felon in possession of not only a firearm, but also ammunition. Since the lawfully-obtained ammunition is sufficient to sustain Coughlin's conviction, Coughlin's challenges to the searches yielding the gun are moot.

Even if those challenges are not moot, they fail on the merits. The police officers' initial entry of the bus was justified under the emergency doctrine. *See United States v. Martinez*, 406 F.3d 1160, 1164 (9th Cir.2005). Here, police officers responding to a reported shooting had reasonable grounds to believe that a victim might still be inside the bus. Police testimony indicated that their motivation for entering the bus was to look for such a victim. Furthermore, since the bus was the location of the reported gunshot, it was reasonable to associate the bus with the emergency. Therefore, this case satisfies the requirements of the emergency doctrine and the police officers' initial entry of the bus was lawful. *See id.*

Furthermore, the search of the drawer inside the bus was consensual. Vernon Benton told police at the scene that he had lived in the bus for several months and paid rent to do so. He explicitly permitted the police to search the bus for the gun. Coughlin told police that he did not permanently reside at the bus and only sometimes stayed there. It was reasonable for the police officers to believe that Benton exercised control over the entire bus, which would have given him actual authority to consent to the search. Therefore, Benton had actual or apparent authority to provide consent and the search of the drawer revealing the gun was lawful. *See United States v. Reid*, 226 F.3d 1020, 1025 (9th Cir.2000).

**AFFIRMED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.